**L. G. SEMKE, d/b/a Semke Auto Mart,**
**Plaintiff,**

**v.**

**ENID AUTOMOBILE DEALERS ASSO-**
**CIATION et al., Defendants.**

**No. 69–196.**

United States District Court,
W. D. Oklahoma,
Civil Division.

July 7, 1971.

See also D.C., 320 F.Supp. 445.

William J. Otjen, Jr., Enid, Okl., Har-ry Hobson, Donald E. Lambdin, Wichita, Kan., for plaintiff.

Lynn Bullis, Jr., Oklahoma City, Okl., E. B. Mitchell, Jr., Enid, Okl., for Day Ford Co., Earl Day, Gene Kurtz and Enid Automobile Dealers.

Robert L. Gregory, Enid, Okl., for Hurst Motor Co. and Jimmy B. Hurst, Sr.

Frank Carter, Enid, Okl., for Dierk-son-Jones Buick Co., Inc., Dean Pearson Dodge, Inc., Sam Norton, Jr. and Stan-ley B. Stuart, d/b/a Norton-Stuart Pon-tiac Cadillac of Enid, Fred L. Jones and Dean B. Pearson.

L. W. McKnight, Enid, Okl., for Enid Radiophone Co., Enid Publishing Co., Milton B. Garber, John W. Taylor, Jo-seph F. Hardy, Pat Murphy and Jim Hannon.

Harold J. Singer, Enid, Okl., for Fi-delity Motors, Inc., Joe M. Champlin, and Clarence Durheim.

Musser & Green, Enid, Okl., for Northcutt Chevrolet Co., Inc., Janzen Olds, Inc., Clarence J. Janzen, and Leonard C. Northcutt.

Loyd Benefield, Oklahoma City, Okl., Richard E. Romang, Enid, Okl., for H. Mead Norton.

C. Harold Thweatt and Val R. Miller, Oklahoma City, Okl., for Ford Motor Co.

### ORDER

DAUGHERTY, District Judge.

Both sides of the above case filed Motions for the Court to review the action of the Clerk in taxing the costs herein.

Upon consideration of the Motions, the Court allowed Plaintiff to amend his Bill of Costs with reference to "Fees of the Marshal" and "Fees for Witnesses" and remanded the taxation of costs to the Clerk as to only these two items of costs. These amendments were timely effected by Plaintiff and the Clerk has retaxed the costs with reference to the above fees. Neither side has filed a Motion to review this retaxation of said fees. The Court therefore considers this part of the Bill of Costs as being satisfactory to both sides and no further review thereof is required by the Court.

However, in the above-mentioned remand the Court reserved decision on the taxing of costs as to "Costs incident to taking of depositions." The Court will now proceed to entertain the Motions for review as to this item of the Bill of Costs.

This item consists generally of two parts. The first has to do with costs incident to Plaintiff buying copies of certain depositions taken and filed by the Defendants. The second has to do with costs incident to the original depositions taken and filed by the Plaintiff of certain of the Defendants and certain witnesses.

As to the first part, the original depositions were paid for by the Defendant and filed with the Clerk of the Court in Oklahoma City. These filed originals were available to the Plaintiff upon request at any time after the filing of the same, and were on hand throughout the three weeks trial. Plaintiff claims he should recover the cost of his copies of said depositions on the basis that his attorneys were located at Enid, Oklahoma, some 90 miles from the Clerk's office in Oklahoma City, and at Wichita, Kansas, some 200 miles from the Clerk's office, that said original depositions were thus not convenient to his attorneys and that the copies were needed by his attorneys in connection with pre-trial motions and preparations for the trial.

The case of Perlman v. Feldmann, 116 F.Supp. 102 (Conn.1953), is close in point and teaches that a showing of necessity is required to recover the costs of copies of depositions, the originals of which are on file, and that mere inconvenience is not sufficient. The Court, therefore, finds and concludes that as Plaintiff could have had the use of the filed originals as needed upon a proper request and showing, his purchase of copies was not necessary but was merely for his convenience and hence should not be recoverable as costs.

As to the second part, the taxation of such costs is discretionary with the Court. Barron & Holtzoff, Federal Practice and Procedure, Wright Edition, Vol. 3, § 1197 at page 58; Nationwide Auto Appraiser Serv. v. Association of Cas. & S. Co., 41 F.R.D. 76 (W.D.Okl. 1966). The general test for recovery of these costs (applied by most Courts according to the reported cases) is a showing and finding in the discretion of the Court that the taking of said depositions was reasonably necessary under the circumstances at the time of taking. 4 Moore, Federal Practice, Par. 26.36 at page 1207; Electronic Specialty Co. v. International Controls Corp., 47 F.R.D. 158 (N.Y.1969); Nationwide Auto Appraiser Serv. v. Association of Cas. & S. Co., *supra*. And it is not absolutely necessary that such depositions or parts thereof be actually used at the trial be-

fore their costs may be recovered. 4 Moore, Federal Practice, Par. 26.36 at page 1207; Perlman v. Feldmann, *supra*; Nationwide Auto Appraiser Serv. v. Association of Cas. & S. Co., *supra*.

The Court is convinced that it is diligent and highly desirable for many obvious reasons to take the depositions of opposing parties and key witnesses prior to trial. The prevailing party or parties generally should recover these costs in the discretion of the Court unless it is shown and the Court finds that the taking thereof was not reasonably necessary at the time under all the circumstances, or, that the deposition process was abused by either being prolonged,[1] harassing in nature or otherwise improper or unprofessional. However, the cost of depositions of parties against whom a case cannot be made and witnesses pertaining to such parties should not, in the judgment and discretion of the Court, be taxed against those defendants against whom a judgment is recovered. And this rule should not be altered by a showing that some part or parts of the deposition treated with the general aspects of the case as it was made against others. The Court feels that a party should stand charged with knowledge of the law applicable to his case and when depositions are pursued in the face of opposing law and the case eventually fails against a party so deposed or related witnesses it is neither proper nor fair to place the cost of these depositions on others against whom a judgment may be obtained.

In the exercise of its discretion the Court must necessarily consider each of the depositions now under consideration in the light of the above rules. In doing so the Court finds and concludes that the Plaintiff should recover the following deposition costs involving Defendants against whom Plaintiff recovered judgment and certain witnesses as being reasonably necessary at the time they were taken considering all the circumstances of this case:

| NAME OF DEPONENT | STATUS IN CASE | AMOUNT |
|---|---|---|
| Cecil H. Stuart | Defendant | $ 60.00 |
| Stanley Stuart | Defendant | 43.50 |
| Clarence Durheim | Defendant | 141.00 |
| Dean Pearson | Defendant | 175.50 |
| Fred Jones | Defendant | 121.50 |
| Pat Murphy | Defendant | 117.50 |
| Clarence Janzen | Defendant | 82.50 |
| Milton Garber | Defendant | 20.00 |
| Leonard Northcutt | Defendant | 97.50 |
| John W. Taylor | Defendant | 103.00 |
| Joseph Hardy | Defendant | 269.50 |
| Jimmy B. Hurst, Sr. | Witness | 105.50 |
| Gene Kurz | Witness | 88.50 |
| Kenneth L. Buchannan | Witness | 21.00 |
| James B. Finnegan | Witness | 76.50 |
| Mary Roos | Witness | 13.50 |
| M. L. Enterline | Witness | 15.00 |
| Don Miller | Witness | 31.50 |
| Robert L. Stevens | Witness | 49.00 |
| Dewey Leierer | Witness | 17.50 |
| Monte Diener | Witness | 17.00 |
| Roy G. Sears | Witness | 17.00 |
| John E. Collins | Witness | 64.00 |
| Tom Bates | Witness | 47.70 |
| | TOTAL | $1,795.20 |

The Court further finds and concludes that the deposition process was not abused in the taking of the above depositions.

The Court finds and concludes that Plaintiff should not recover the following deposition costs involving Defendants and appertaining witnesses against whom Plaintiff did not recover judgment either because of voluntary dismissal by the Plaintiff or dismissal from the case by the Court:

| NAME OF DEPONENT | STATUS IN CASE | AMOUNT |
|---|---|---|
| W. P. Conners | Defendant's Agent | $ 46.00 |
| H. Mead Norton | Defendant | 144.00 |
| Earl Day | Defendant | 23.50 |
| Jim Hannon | Defendant | 14.50 |
| Richard Romang | Witness | 58.50 |
| Virgil R. Ball | Witness | 21.00 |
| | TOTAL | $ 307.50 |

The Court thus disallows the Plaintiff's claim to recover costs of copies of

---

1. Perlman v. Feldmann, *supra*.

depositions taken by Defendants and allows Plaintiff recovery for certain original deposition costs in the amount of $1,795.20 as above scheduled and disallows Plaintiff's recovery for certain original depositions costs in the amount of $307.50 as above scheduled.