**HARRISBURG COALITION AGAINST RUINING THE ENVIRON-MENT et al.**

v.

**John A. VOLPE, Individually and as Secretary of Transportation of the United States, et al., Defendants,**

and

**The Honorable Milton J. Shapp, Governor of the Commonwealth of Pennsylvania, The Honorable Harold Swenson, Mayor of the City of Harrisburg, Additional Defendants.**

**Civ. No. 71-143.**

United States District Court, M. D. Pennsylvania.

Oct. 21, 1974.

Robert J. Sugarman, Philadelphia, Pa., Edward Finkelstein, Harrisburg, Pa., for plaintiffs.

Thos. McKevitt, David E. Wells, Joseph Leahy, U. S. Dept. of Justice, Washington, D.C., S. John Cottone, U. S. Atty., Scranton, Pa., Francis Locke, Fed. Hy. Admin., Baltimore, Md., Robert H. Raymond, Jr., Asst. Atty. Gen., Dept. of Transp., Harrisburg, Pa., Robert W. Cunliffe, Deputy Atty. Gen., Dept. of Highways, Harrisburg, Pa., Francis Haas, Jr., Harrisburg, Pa., Edward W. Rothman, Asst. City Sol., Harrisburg, Pa., Theodore A. Adler, Deputy Atty. Gen., Israel Packel, Atty. Gen., Harrisburg, Pa., Michael Sedor, Harrisburg, Pa., John R. McCarron, Harold A. Lockwood, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, District Judge.

This case is before this Court for the fourth time. Its prior history, as well as a complete statement of the facts, is contained in the previously reported opinions in the case, published in 330 F. Supp. 918 (M.D.Pa.1971) and 381 F. Supp. 893 (M.D.Pa.1974). In a nutshell, that history is as follows: The suit was originally brought to enjoin the Federal, State of Pennsylvania and City of Harrisburg governments from constructing portions of two highways through Wildwood Park in Harrisburg. On May 11, 1971, this Court dismissed the complaint with respect to the state and city officials, but enjoined further disbursement of federal funds for the construction of the two highways and remanded the matter to the United States Secretary of Transportation for further consideration in light of the requirements of several federal statutes, among them the Department of Transportation Act of 1966, 49 U.S.C. Sec. 1653(f); the Federal-Aid Highway Act of 1968, 23 U.S.C. Sections 128 and 138; and the National Environmental Act of 1969, 42 U.S.C. Sec. 4332(2)(C). In January of 1973, after the federal defendants filed the data requested, they moved to dissolve the injunction and dismiss the complaint on the ground that they had complied with the order of May 11, 1971. Those motions were contested by the plaintiffs. Several of the state and city officials, against whom plaintiffs' complaint had been dismissed on May 21, 1971, were rejoined as defendants and an evidentiary hearing, lasting seven days, was conducted in late May and early June of 1973, before the parties, at the strong urging of the Court, entered into an amicable settlement whereby they agreed to a realignment of the two highways in

such a manner as to reduce the impact on Wildwood Park. In an opinion filed July 12, 1974, and appearing at 381 F. Supp. 893 (M.D.Pa.1974), this Court awarded costs to the plaintiffs against the United States Department of Transportation alone, but declined to make any award of counsel fees. On the same date the parties were ordered to submit documentation in support of, and in opposition to, the costs requested by the plaintiffs.

At issue now are several items of the plaintiffs' bill of costs, which was filed on July 22, 1974. Specifically, the defendants object to allowing plaintiffs to recover expert witness fees, certain deposition expenses, and several miscellaneous expenses. A discussion of each category of disputed costs follows.

### A. Expert Witness Fees

Defendants argue that Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932) precludes including expert witness fees as plaintiffs' recoverable costs. Henkel held that the amount of costs recoverable for witness fees in federal courts is limited to the amounts specified for per diem, mileage, and subsistence in the predecessor statute to 28 U.S.C. Sec. 1821, and does not include expert witness fees. Plaintiffs argue that the 1966 amendment to 28 U.S.C. Sec. 2412, which greatly expanded the power of the federal courts to award costs against the United States in civil cases in which the United States, or an agency or official thereof, is a party, was intended to supersede the Henkel opinion insofar as cases in which the United States is a party are concerned, and to authorize the award of expert witness fees in such cases.

The legislative history of the 1966 amendment to 28 U.S.C. Sec. 2412 reveals that plaintiffs are mistaken in their contention. The statute itself, it should be noted, provides no clue as to whether expert witness fees are recoverable as costs against the United States.

It simply provides for the recovery of costs "as enumerated in section 1920 of this title . . . ." and 28 U.S.C. Sec. 1920 merely lists among taxable costs "[f]ees and disbursements for . . . witnesses[.]" The legislative history of the 1966 amendment, however, clearly establishes that the amendment was not intended to alter in any fashion the holding of Henkel that federal courts are limited to the amounts specified in the predecessor statute to 28 U.S.C. Sec. 1821 in taxing witness fee costs. See 1966 U.S.Code Cong. and Admin.News 2527–2531. For example, in Senate Report No. 1329 the committee on the Judiciary made reference to the language in the report of the House of Representatives judiciary committee that "[t]his section does not make any special provision for expert witnesses so that any additional amounts paid as compensation in connection with the appearance of expert witnesses could not be included under this section as costs." Accordingly, item (3) of plaintiffs' bill of costs is disallowed to the extent that it seeks payment of expert fees in excess of the statutory amount for witnesses. Plaintiffs have submitted an alternative bill of costs with respect to witness fees that complies in all respects with 28 U.S.C. Sec. 1821. (Exhibit A of Plaintiffs' Reply Memorandum to the Federal Defendants' Objections Re: Costs, filed July 26, 1974.) Those fees will be allowed.

### B. Deposition Expenses

Defendants have objected to three categories of deposition expenses: (1) the fees for depositions of state and city officials; (2) so much of the fees which represent premiums for expedited transcription; and (3) the reporter's appearance fees for cancelled depositions.

The objection with respect to depositions of state and city officials is that the federal defendants should not be made to bear the plaintiffs' cost of pursuing their claims against the state and city defendants, against all of whom plaintiffs' suit was dismissed. In sup-

port of this argument, the defendants cite Semke v. Enid Automobile Dealers Association, 52 F.R.D. 518 (W.D.Okl. 1971), where the court held that "the cost of depositions of parties against whom a case cannot be made and witnesses pertaining to such parties should not, in the judgment and discretion of the Court, be taxed against those defendants against whom a judgment is recovered." Id., at 520.

However valid the holding in *Semke* may be, the defendants are mistaken in their contention that it governs the outcome of this case. The general rule regarding deposition costs is that that they are recoverable if the taking of the depositions is found to have been reasonably necessary at the time of taking, and that said recovery is within the sound discretion of the court. 4 Moore's Federal Practice Para. 26.82. The court in *Semke* applied the general rule and found that the taking of the depositions of parties against whom the plaintiff in that case did not prevail, and witnesses pertaining to such parties, was not reasonably necessary, at the time of their taking, to the case against the defendant against whom the plaintiff did prevail. In this case, although the claims against the state and city officials were originally dismissed, the taking of the depositions of those officials, however relevant to the claims against said officials, was reasonably necessary to the claim against the federal defendants. At the very least, the testimony of the state and city officials related to the legality of the approval of the federal environmental impact statement. Moreover, most of the state and city officials whose depositions are at issue here testified with respect to the claim against the federal defendants during the hearings before this Court. Finally, several of the depositions at issue here were taken after the claims against the state and city officials had been dismissed, and thus could only have been intended for use in the case against the federal defendants. Accordingly, the fees for the depositions of the state and city officials will be allowed.

The defendants cite no authority for their proposition that premiums for expedited transcription of depositions should not be allowed as costs, and I can find no case in which that issue is addressed. It seems to me that the test should be whether expeditious transcription was reasonably necessary to the plaintiffs' case at the time the depositions were transcribed. Applying that test, I find such expeditiousness was reasonably necessary on the facts of this case and that the portions of fees attributable to premiums for expedited transcription should be allowed. This was a case of immense public interest in which the construction of two major highways was held up while substantial questions involving pressing environmental concerns were litigated. All parties urged this Court to proceed to trial rapidly. The defendants were particularly anxious to expedite matters so that construction could resume and almost invariably objected to plaintiffs' requests for continuances. It was undoubtedly necessary to expedite the transcription of some depositions in order to meet valid deadlines imposed by the Court and, as the plaintiffs paid premiums for expeditious transcription for only some of their depositions, I conclude that they ordered such rapid service only when it was reasonably necessary to do so. Accordingly, the premiums for expeditious transcription will be allowed as costs.

With respect to reporters' appearance fees for cancelled depositions, neither party has cited, nor have I been able to find, any authority regarding the allowance of such fees as costs. Although the allowance of costs is within the discretion of the court, the burden of establishing that the incurrence of any particular expense was reasonably necessary to the case, it seems to me, should be on the party seeking to tax such costs on another party. As plaintiffs have neither named the party intended to be deposed on the occasions

when the taking of depositions was cancelled nor offered to explain who was to blame for said cancellations, the expenses of those cancellations should not be taxed to the defendants. Accordingly, the appearance fees will be denied.

### C. *Miscellaneous Expenses*

Finally, defendants object to the expenses listed in items (5) and (6) of plaintiffs' bill of costs. Item (5) lists attorney's travel expenses for discovery and court proceedings, and item (6) lists several miscellaneous expenses, such as postage, telephone bills, paper, cab fares and overtime services. As a general rule, expenses that are incident to the preparation of a case are not recoverable as costs. 6 Moore's Federal Practice Para. 54.77(8). Such costs include an attorney's travel expenses. Hope Basket Co. v. Product Advancement Corp., 104 F.Supp. 444 (W.D. Mich.1952). The expenses listed in item (6) also appear to have been incidental to preparation of the case. Accordingly, the expenses listed in items (5) and (6) of plaintiffs' bill of costs are denied.

In accordance with this memorandum, costs will be awarded to the plaintiffs in the amount of $5,196.97.