WELLS MARINE (d/b/a Z–D Products)

v.

The UNITED STATES.

Nos. 577–71, 135–73.

United States Claims Court.

Jan. 5, 1983.

Thomas R. Sheridan, Los Angeles, Cal., for plaintiff; Simon & Sheridan, Los Angeles, Cal., of counsel.

Lenore C. Garon, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

DECISION ON PLAINTIFF'S POST JUDGMENT MOTION FOR AN AWARD OF COSTS IN THE FORM OF THE BOND PREMIUMS PAID DURING RENEGOTIATION

PHILIP R. MILLER, Judge:

On March 24, 1982, the United States Court of Claims entered judgment, 675 F.2d 274, in this case that:

For its fiscal years 1966 and 1967, the plaintiff realized no excessive profits on its renegotiable business. The defendant's counterclaim is dismissed. The plaintiff is entitled to a refund of all monies paid to defendant, if any, as excessive profits, together with interest as provided by the Renegotiation Act of 1951, as amended.

On May 25, 1982, the Court of Claims denied defendant's motion for rehearing, reconsideration or other relief.

Effective October 1, 1982, the jurisdiction of the United States Court of Claims in such cases was transferred to the United States Claims Court and the United States Court of Appeals for the Federal Circuit. Federal Courts Improvement Act of 1982, Public Law 97–164, 97th Cong. (96 Stat. 25), Sections 160(a)(18), (b), (c) and 402.

On October 4, 1982, there was filed in the United States Claims Court plaintiff's Post-Judgment Motion For An Award of Costs In The Form Of The Bond Premiums Paid During Renegotiation.

The Federal Courts Improvement Act provides:

### EFFECT ON PENDING CASES

SEC. 403. (a) Any case pending before the Court of Claims on the effective date of this Act in which a report on the merits has been filed by a commissioner, or in which there is pending a request for review, and upon which the court has not acted, shall be transferred to the United States Court of Appeals for the Federal Circuit.

\* \* \* \* \* \*

(c) Any petition for rehearing, reconsideration, alteration, modification, or other change in any decision of the United States Court of Claims or the United States Court of Customs and Patent Appeals rendered prior to the effective date of this Act that has not been determined by either of those courts on that date, or that is filed after that date, shall be determined by the United States Court of Appeals for the Federal Circuit.

(d) Any matter pending before a commissioner of the United States Court of Claims on the effective date of this Act, or any pending dispositive motion that the United States Court of Claims has not determined on that date, shall be determined by the United States Claims Court.

By order filed December 1, 1982, this court ruled that the plaintiff's motion does not come within this Court's jurisdiction because plaintiff's case was not pending before a commissioner of the Court of Claims on October 1, 1982. However, it appeared to the Court that plaintiff's motion could come within the jurisdiction of the Court of Appeals for the Federal Circuit as a petition for alteration, modification, or other change in a decision of the Court of Appeals within the meaning of Section 403(c). Accordingly, the Court transferred the motion to the Court of Appeals.

On December 1, 1982, the Court of Appeals for the Federal Circuit filed an order which stated that "on * * * consideration of the absence of this case from those pending in the Court of Claims on 1 October 1982, of the absence of a present action in the Claims Court subject to transfer, and of the nature of the present motion for costs as not falling within the provisions of Section 403(c) of the Federal Courts Improvement Act, * * * the motion for costs be returned for appropriate action by the Claims Court."

The motion must be dismissed for the following reasons:

■ 1. It is not within the jurisdiction of the Claims Court as a pending case within the scope of Section 403(d).

■ 2. If treated as an independent petition, the claim is *res judicata* because not made prior to judgment. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■ 3. The Court lacks jurisdiction of the subject matter because the United States has not given its consent to suit for the recovery of the amount of the premium paid to obtain a bond to stay the execution of the order of the Renegotiation Board pending redetermination of the Board's order of excessive profits. Title 28 U.S.C. § 2412 authorizes award of a judgment against the United States for costs "as enumerated in section 1920." By no stretch of the imagination may the items enumerated in section 1920 be construed to include the bond premiums plaintiff seeks.

Wherefore, IT IS ORDERED that plaintiff's motion is to be dismissed.