**Jackie Collins LERMAN,**
**Plaintiff-Appellant-Cross-Appellee,**

v.

**FLYNT DISTRIBUTING CO., INC.,**
**Defendant-Appellee-Cross-Appellant.**

**Nos. 647, 705, Dockets 85–7775, 85–7961.**

United States Court of Appeals,
Second Circuit.

. Argued Jan. 30, 1986.
Decided April 29, 1986.

· Norman Roy Grutman, New York City, (Jeffrey H. Daichman, David E. Bamberger, Grutman Miller Greenspoon Hendler & Levin, New York City, on brief), for plaintiff-appellant-cross-appellee.

Edward S. Rudofsky, New York City, (Enid W. Langbert, John M. Barth, Zane & Rudofsky, New York City, on brief), for defendant-appellee-cross-appellant.

Before VAN GRAAFEILAND, NEWMAN and KEARSE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The issue on this appeal is whether all or even a portion of the interest charges incurred in borrowing funds used as collateral to secure an appellate supersedeas bond are taxable as appellate costs. The issue arises on an appeal by Jackie Collins Lerman from a supplemental judgment of the District Court for the Southern District of New York (Thomas P. Griesa, Judge) granting Flynt Distributing Company, Inc. ("FDC") $64,821 in appellate costs. This sum represents a so-called "interest differential" between the amount FDC paid as interest in borrowing money to collateralize a supersedeas bond and the amount FDC could have earned had the collateral been invested at prevailing money market rates for the period of the bond. Lerman contends that no portion of the interest is a taxable cost under Fed.R.App.P. 39(e). FDC cross-appeals and seeks an increase of the supplemental judgment to $183,751 to recover its total interest cost. Because none of the interest expense is taxable as costs, we reverse on the appeal and affirm on the cross-appeal.

## Background

This dispute arises in the aftermath of our decision in *Lerman v. Flynt Distributing Co.*, 745 F.2d 123 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). In that decision, familiarity with which is assumed, we reversed a $10 million judgment Lerman had obtained against FDC. In connection with the prior appeal, the late Judge Henry F. Werker had initially ordered FDC to post a $10 million supersedeas bond. The parties subsequently agreed to a bond of $1 million. In describing this agreement to the District Court, FDC's counsel represented that the bond would be backed by a letter of credit. It subsequently developed that FDC could not secure a letter of credit. Instead, without notifying the District Court or Lerman, FDC collateralized a bond issued by Aetna Casualty and Surety Co. with a deposit of $1 million cash that FDC had borrowed. By the terms of the bond, Aetna was not obligated to pay FDC any interest on the collateral. It apparently was FDC's expectation to replace the cash with a certificate of deposit, the interest from which would have belonged to FDC. However, substitute collateral was never obtained, and FDC's borrowed cash remained on deposit with Aetna for the life of the bond, without earning any interest for FDC.

After this Court reversed the judgment in Lerman's favor, FDC moved for the release of its supersedeas bond. Its motion, which was granted on September 25, 1984, for the first time alerted both Lerman and the District Court that the bond had been secured by borrowed cash and that the bond's collateral had earned no interest since it was deposited with Aetna in July 1983. FDC filed a bill of costs that included $183,751 for "[i]nterest cost on bond." FDC claimed to have borrowed the $1 million at an annual interest rate of 15 percent. The Clerk of the District Court taxed costs in the amount of $9,280.26, allowing $5,312.50 for the bond premium but disallowing FDC's claimed interest expense. FDC moved to retax costs, seeking its borrowing expense or, alternatively, the differ-

ence between its expense and $118,930, the amount FDC alleged the $1 million would have earned at prevailing money market rates during the relevant period. After initially denying the motion entirely, Judge Griesa granted FDC's request for the interest differential of $64,821, a ruling from which both sides appeal.

### Discussion

As a rule, a district court has broad discretion in awarding costs, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), and an award of costs may be set aside only for abuse of discretion. *Id; United States v. Procario*, 361 F.2d 683, 685 (2d Cir.1966) (per curiam). This discretion, however, "should be sparingly exercised with reference to expenses not specifically allowed by statute." *Farmer, supra*, 379 U.S. at 235, 85 S.Ct. at 416.

Costs of appeal taxable in the district courts are enumerated in Fed.R.App.P. 39(e), which specifically provides for "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal." The Rule makes no mention of other expenses incidental to obtaining bonds, such as the interest cost claimed here. The District Court, in allowing certain items on FDC's initial bill of costs, approved a $5,312.50 bond premium, as provided for in Rule 39(e). Lerman paid this amount, which was never in dispute.

In awarding $64,821 in "interest differential," the District Court cited *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173 (2d Cir.1975), *cert. denied*, 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976). We held in that decision that certain expenses, incurred by Hughes Tool Co. in obtaining a stay of execution pending its ultimately successful appeal of a $145 million default judgment entered by the trial court in T.W.A.'s favor, were taxable against T.W.A. despite the fact that no specific provision was made for those costs in the Federal Rules of Appellate Procedure. The ex-

penses included the fee paid on a $75 million letter of credit, the cost of audits made to guarantee that Hughes Tool Co.'s net worth was maintained at a specified level, and expenditures to provide security to the bank that issued the letter of credit.

Critical to our decision in *Trans World Airlines* were three circumstances. First, the costs held taxable "were costs in lieu of providing a supersedeas bond as provided by the rules." *Id.* at 177 (footnote omitted). We held that the letter of credit served the same purpose as a supersedeas bond[1] and agreed with the District Court that the fee paid on the letter of credit was an allowable cost of appeal because it was analogous to the bond premium cost authorized by Rule 39(e). The audit and security costs were also held taxable because they served the same purpose as the letter of credit, that is, providing adequate security to T.W.A. Second, the alternate arrangements in lieu of a supersedeas bond were agreed to by the party opposing the appeal and approved by the District Court. *Id.* at 177. Third, the alternative arrangements cost less than a supersedeas bond would have cost. *Id.* at 178.

The District Court in the present action apparently took our decision in *Trans World Airlines* to mean that, even when a supersedeas bond is used, some expenses of obtaining it, in addition to the allowable bond premium, are taxable as costs on appeal. To the contrary, we simply held that costs of appeal that are agreed to and less expensive substitutes for costs explicitly authorized in Rule 39(e) are allowable. That limited ruling is not authority for allowing FDC any portion of its interest expense in borrowing money to collateralize the supersedeas bond. Whether it secured that bond with an asset it owned or with a purchased certificate of deposit, as it hoped to do, or with borrowed cash on which it earned no interest, as it actually did, was not the concern of Lerman.

---

1. A letter of credit was used only because the size of the judgment made obtaining a superse-
deas bond "impracticable." *Id.* at 175.

A court exercising its discretion concerning the imposition of costs where large or unusual expenses are involved should consider whether court approval of the expenses was sought before they were incurred.[2] *See* 6 *Moore's Federal Practice* ¶ 54.70[5] (1985). In *Farmer v. Arabian American Oil Co., supra,* the Supreme Court made clear that district judges do not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." 379 U.S. at 235, 85 S.Ct. at 416. Because FDC's borrowing expense, sought in addition to the premium on a supersedeas bond, is not a permissible item of taxable appellate costs, the supplemental judgment of the District Court is vacated. Reversed on the appeal; affirmed on the cross-appeal.

Cardamone, Circuit Judge, filed a dissenting opinion.

---

**2.** FDC's contention that Judge Werker approved the interest costs is totally without merit. The statement referred to by FDC to support this contention, taken in context, reveals only that Judge Werker approved of Lerman's bearing the normal cost of a bond, *i.e.,* the bond premium allowed by Rule 39(e).