O. ROBERT AND ALICE FREESEN, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 16104-83.     Filed December 8, 1987.

*Theodore C. Rammelkamp, Jr.,* for the petitioners.
*Richard G. Goldman,* for the respondent.

---

[11]We do not mean to imply that a foundation may escape a sec. 4942 tax already incurred by forfeiting its tax exemption.

[1]The following petitioners were also included in the motion: James R. and Diane Buhlig; Kenneth T. and Shirley I. Cox; Eugene J. and Sarah R. Kroencke; Russell M. and Ruth A. Mosley; Keith B. and Norma J. Prunty; Jeffrey C. and Vickie Prunty; Kerry S. and Carol A. Freesen; Thomas L. and Kathleen E. Oetgen; and Oscar R. and Debra Freesen.

OPINION

GOFFE, *Judge:* This case is presently before the Court on petitioners' motion for costs pursuant to rule 39, Federal Rules of Appellate Procedure.[2] In *Freesen v. Commissioner,* 84 T.C. 920 (1985), Freesen Equipment Co., a subchapter[3] S corporation of which petitioners were the sole shareholders, entered into several joint venture agreements with Freesen, Inc., with respect to topsoil removal activities at several mine sites. Freesen Equipment Co. subsequently purchased heavy construction equipment for performance of the agreed topsoil removal activities. Under the terms of the joint venture agreements, Freesen, Inc., advanced Freesen Equipment Co. its share of the net profits in order to provide Freesen Equipment Co. the funds for payment of section 162 expenses. Petitioners, as shareholders of Freesen Equipment Co., claimed investment tax credit and accelerated depreciation deductions with respect to the heavy construction equipment. We held that the heavy construction equipment was subject to a lease for section 46(e)(3) purposes and that the transactions in issue failed to satisfy the noncorporate lessor provisions contained therein. Accordingly, we sustained the Commissioner's disallowance of petitioners' claimed investment tax credit. We also held that the heavy construction equipment was subject to a lease for section 57(a)(3) purposes, and upheld the Commissioner's determination that the depreciation claimed by petitioners in excess of straight line be treated as a tax-preference item. Petitioners appealed such decision to the Court of Appeals for the Seventh Circuit, and that court reversed our decision. See *Freesen v. Commissioner,* 798 F.2d 195 (7th Cir. 1986).

The Seventh Circuit taxed the following costs of the appeal against the Commissioner:

| | |
|---|---|
| Fee for filing of appeal | $65.00 |
| Reproduction of briefs | 267.20 |
| | 332.20 |

---

[2]Unless otherwise indicated, all rule references are to the Federal Rules of Appellate Procedure.

[3]Unless otherwise indicated, all section and subchapter references are to the Internal Revenue Code of 1954 as amended and in effect for the relevant years.

By motion in this Court, petitioners now seek reimbursement for the cost of premiums paid for bonds to stay assessment and collection pursuant to section 7485[4] in the following amounts:

| Petitioner | Amount |
| --- | --- |
| O. Robert and Alice Freesen | $1,376 |
| James R. and Diane Buhlig | 1,099 |
| Kenneth T. and Shirley Cox | 1,099 |
| Eugene J. and Sarah R. Kroencke | 949 |
| Russell M. and Ruth A. Mosley | 960 |
| Keith B. and Norma J. Prunty | 1,195 |
| Jeffrey C. Prunty | 736 |
| Jeffrey C. and Vicki Prunty | 474 |
| Kerry S. and Carol A. Freesen | 1,097 |
| Thomas L. and Kathleen E. Oetgen | 1,198 |
| Oscar R. and Debra Freesen | 1,049 |

Rule 39[5] provides both general and specific rules for the

---

[4]Sec. 7485(a) provides:

SEC. 7485. BOND TO STAY ASSESSMENT AND COLLECTION.

(a) UPON NOTICE OF APPEAL.—Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review under section 7483 shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or

(2) has filed a jeopardy bond under the income or estate tax laws.

If as a result of a waiver of the restrictions on the assessment and collection of a deficiency any part of the amount determined by the Tax Court is paid after the filing of the appeal bond, such bond shall, at the request of the taxpayer, be proportionately reduced.

The purpose of sec. 7485 is to protect the United States during the pendency of an appeal so that when the appeal becomes final, there will be adequate security for collection of the amounts finally determined to be owed, if any, by the taxpayer to the United States. *Estate of Kahn v. Commissioner,* 60 T.C. 964, 966-967 (1973); *Barnes Theatre Ticket Service, Inc. v. Commissioner,* 50 T.C. 28, 29 (1968).

[5]Rule 39 provides:

Rule 39. Costs

(a) To Whom Allowed. Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

(b) Costs For and Against the United States. In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a); otherwise, costs shall not be awarded for or against the United States.

(c) Costs of Briefs, Appendices, and Copies of Records. By local rule the court of appeals shall fix the maximum rate at which the cost of printing or otherwise producing necessary copies of briefs, appendices, and copies of records authorized by Rule 30(f) shall be taxable.

award of costs. Subdivision (a) reflects the general principle that a successful appellant is entitled to costs. Subdivisions (c) and (e) prescribe in which court costs shall be awarded. The costs which are taxable in the appellate court are the costs incurred after the appeal has been perfected and include the costs of printing the briefs, appendices, and copies of records authorized by rule 30(f). See rule 39(c). The costs of perfecting the appeal, including "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal," are taxable in the District Court after such court's receipt of the mandate from the appellate court. See rule 39(e); *Lerman v. Flynt Distributing Co.*, 789 F.2d 164, 166 (2d Cir. 1986); *Guse v. J.C. Penney Co.*, 570 F.2d 679, 681 (7th Cir. 1978). However, costs shall not be awarded against the United States unless authorized by law. See rule 39(b). Generally, the Federal Rules of Appellate Procedure are applicable to the Tax Court as if it were a District Court of the United States. See rule 14.[6]

Petitioners cite us to a note in [1980] 9 Stand. Fed. Tax Rep. (CCH) par. 5876A.025 (*King v. Commissioner*, docket Nos. 4084-68 through 4097-68, order dated Oct. 10, 1972), wherein it is reported that we allowed a taxpayer who prevailed on appeal the cost of a bond to stay assessment and collection. However, in that case, the Commissioner had conceded the issue and, therefore, it is not controlling here. *Toner v. Commissioner*, 76 T.C. 217, 220 (1981), affd. without published opinion 676 F.2d 688 (3d Cir. 1982).

Respondent contends that the Tax Court does not have the authority to award the cost of premiums paid for a bond pursuant to section 7485. Respondent also contends that even if the Tax Court has the authority to award such cost, it is not one of the costs authorized by law to be

---

Such rate shall not be higher than that generally charged for such work in the area where the clerk's office is located and shall encourage the use of economical methods of printing and copying.

(d) Bill of Costs; Objections; Costs to be Inserted in Mandate or Added Later. * * *

(e) Costs on Appeal Taxable in the District Courts. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

[6]Rule 14 provides:

Rule 14. Applicability of Other Rules to Review of Decisions of the Tax Court

All provisions of these rules are applicable to review of a decision of the Tax Court, except that Rules 4-9, Rules 15-20, and Rules 22 and 23 are not applicable.

awarded against the United States. Petitioners contend that the Tax Court is acting as an agent of the Court of Appeals which has the authority to award the cost of premiums paid for a bond pursuant to section 7485 and, therefore, the Tax Court does not need authority to award such cost. Petitioners also contend that the cost of premiums paid for a bond pursuant to section 7485 is authorized by law to be awarded against the United States. We need not decide whether the Tax Court has authority to award costs or whether the Tax Court requires such authority, i.e., is it acting as an agent of the Court of Appeals,[7] because we conclude that the cost of premiums paid for a bond pursuant to section 7485 is not one of the costs authorized by law to be awarded against the United States.

Under the principles of sovereign immunity, the United States is exempt from liability for costs and attorneys' fees, except as specifically and unequivocally authorized by Congress. *United States v. Chemical Foundation,* 272 U.S. 1, 20 (1926); *Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131, 1132 (9th Cir. 1974). The general statutory authorization for awarding costs and fees against the United States in civil cases is found in 28 U.S.C. sec. 2412 (Supp. III 1985). 28 U.S.C. sec. 2412 is a limited waiver of sovereign immunity and as such its limitations and conditions must be strictly observed, and exceptions thereto are not to be implied. *Rhode Island Committee of Energy v. General Services Administration,* 561 F.2d 397, 405 (1st Cir. 1977). 28 U.S.C.

---

[7]In *Toner v. Commissioner,* 76 T.C. 217 (1981), affd. without published opinion 676 F.2d 688 (3d Cir. 1982), we held that the taxpayer's purchase of a transcript immediately after the trial was not necessary for the determination of the appeal within the meaning of rule 39(e) and, therefore, the cost of such transcript was not taxable against the Commissioner. However, with respect to our authority to award such costs we stated in footnote 2 of our opinion:

"Under rule 39(b), costs cannot be awarded against the United States unless authorized by law. The parties assume that 28 U.S.C. sec. 1920 provides the statutory authorization for awarding costs against the United States in this case. However, that section applies only to 'A judge or clerk of any court of the United States,' and in *Sharon v. Commissioner,* 66 T.C. 515, 533-534 (1976), affd. per curiam on other grounds 591 F.2d 1273, 1275 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979) [See also *McQuiston v. Commissioner,* 78 T.C. 807, 811-812 (1982), affd. without published opinion 711 F.2d 1064 (9th Cir. 1983); *Rodrigues v. Commissioner,* T.C. Memo. 1982-324.], we held that the U.S. Tax Court is not such a court and that such sec. 1920 does not apply to this Court for the purpose of allowing the cost of filing a petition herein. Thus, there is a question as to whether the Federal Rules of Appellate Procedure can or have authorized the Tax Court to tax the costs of perfecting an appeal against the Commissioner; yet, the Commissioner has not taken the position that there is no authority for assessing any costs against him, and we express no opinion on that question in this case. [*Toner v. Commissioner, supra* at 219 n. 2.]"

sec. 2412(a)[8] provides that costs, as enumerated in 28 U.S.C. sec. 1920, may be awarded to the prevailing party in any civil action brought by or against the United States. 28 U.S.C. sec. 1920 (1982) provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Respondent contends that the cost of premiums paid for a bond pursuant to section 7485 is not listed in 28 U.S.C. sec. 1920 and, therefore, the cost is not authorized to be awarded against the United States. Petitioners concede that the cost of the premiums is not enumerated in 28 U.S.C. sec. 1920. However, petitioners argue that the costs enumerated in 28 U.S.C. sec. 1920 are not the only ones authorized to be awarded against the United States. Petitioners contend that costs not specifically enumerated in 28 U.S.C. sec. 1920 have been awarded against the United States. To support their proposition, petitioners rely on *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608 (M.D. Pa. 1974), wherein the District Court taxed, as costs against the United States, fees for depositions and fees for expedited transcription of the depositions. Petitioners next point out that the Court of Appeals for the

---

[8]28 U.S.C. sec. 2412(a) (Supp. III 1985) provides:

Sec. 2412. Costs and Fees

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

Seventh Circuit customarily awards the cost of premiums paid for a supersedeas bond in the District Court. *Intertype Corp. v. Clark-Congress Corp.,* 249 F.2d 626 (7th Cir. 1957); *In re Northern Indiana Oil Co.,* 192 F.2d 139 (7th Cir. 1951); *Swalley v. Addressograph-Multigraph Corp.,* 168 F.2d 585 (7th Cir. 1948).[9] Petitioners then conclude that because 28 U.S.C. sec. 1920 is not an exclusive list, and because the Court of Appeals for the Seventh Circuit customarily awards the cost of premiums paid for a supersedeas bond, the cost of premiums paid for a bond pursuant to section 7485 is within 28 U.S.C. sec. 1920 in the Seventh Circuit and we should award the cost under our rule in *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971).

With respect to petitioners' argument, we disagree with the underlying premise that the costs enumerated in 28 U.S.C. sec. 1920 are not the only ones authorized to be awarded against the United States. In *Harrisburg Coalition Against Ruining the Environment v. Volpe, supra,* the District Court did not specify which subsection of 28 U.S.C. sec. 1920 it relied upon in awarding fees for depositions and fees for expedited transcription of the depositions. However, 28 U.S.C. sec. 1920(2) allows as costs "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," and this statutory provision has been generally construed to permit recovery of costs for depositions. *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242-1243 (7th Cir. 1985); *United States v. Kolesar,* 313 F.2d 835, 837-838 (5th Cir. 1963); *Elser v. Safeway Stores, Inc.,* 77 F.R.D. 479, 482 (W.D. Mo. 1978). Thus, the District Court awarded costs which come within one of the categories listed in 28 U.S.C. sec. 1920. Therefore, we do not conclude that the District Court awarded costs against the United States not enumerated in 28 U.S.C. sec. 1920.

The starting point for interpreting a statute is the language of the statute itself. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 512 (1981); *Consumer Product Safety Commission v. GTE Sylvania,* 447 U.S. 102, 108 (1980). In

---

[9]These cases which petitioners cite do not rely on 28 U.S.C. sec. 1920 as authority for awarding the cost of premiums paid for a supersedeas bond.

the absence of a clearly expressed legislative intent to the contrary,[10] the language of the statute ordinarily must be regarded as conclusive. *United States v. Turkette,* 452 U.S. 576, 580 (1981); *Consumer Product Safety Commission v. GTE Sylvania, supra* at 108. 28 U.S.C. sec. 2412(a) provides that costs, "as enumerated in section 1920 of this title," may be awarded against the United States. 28 U.S.C. sec. 1920 lists 6 categories of costs; however it does not list premiums paid for a bond pursuant to section 7485 or any other type of bond to preserve rights pending appeal. If Congress intended to include the cost of these premiums as costs which could be awarded against the United States, it would have done so explicitly. Petitioners do not contend that premiums paid for a bond pursuant to section 7485 come within one of the categories listed in 28 U.S.C. sec. 1920. Petitioners simply want us to add another category. This we decline to do.

Our research reveals only one reported case in which the issue of whether the cost of a premium paid for a bond to preserve rights pending appeal is within the ambit of 28 U.S.C. sec. 1920 has been addressed. In *Wells Marine v. United States,* 1 Cl. Ct. 327 (1983), the plaintiff sought to recover the amount of the premium paid to obtain a bond to stay the execution of the order of the Renegotiation Board pending redetermination of the Board's order. The Claims Court did not award the cost and held that, "Title 28 U.S.C. § 2412 authorizes award of a judgment against the United States for costs 'as enumerated in section 1920.' By no stretch of the imagination may the items enumerated in section 1920 be construed to include the bond premiums plaintiff seeks." *Wells Marine v. United States, supra* at 328.

We conclude, therefore, that the cost of premiums paid for a bond pursuant to section 7485 is not one of the costs enumerated in 28 U.S.C. sec. 1920. As a result, 28 U.S.C. sec. 2412 does not authorize such cost to be awarded

[10]Sec. 2412 was amended by Pub. L. 89-507, 80 Stat. 308, to allow costs, as enumerated in 28 U.S.C. sec. 1920, against the United States. The legislative history states that, "The costs which are referred to in this bill are listed in sec. 1920 of title 28, United States Code, and include fees of the clerk and the marshal, necessary transcripts, printing, and docket fees." S Rept. 1329, to accompany H.R. 14182, 89th Cong., 2d Sess., reprinted in 2 U.S. Code Cong. & Admin. News 2527, 2529 (1966).

against the United States. Accordingly, petitioners' motion for such costs will be denied.

*An appropriate order will be issued.*