356 F.3d 188
 Rohit PHANSALKAR, Plaintiff-Consolidated-Defendant-Appellee-Cross-Appellant,
v.
ANDERSEN, WEINROTH & CO., L.P., G. Chris Andersen and Stephen D. Weinroth Defendants-Consolidated-Plaintiffs-Appellants-Cross-Appellees,
Aw & Col, Inc., Defendant-Appellant-Cross-Appellee.
 Docket No. 02-7928(L).
 United States Court of Appeals, Second Circuit.
 Argued: April 9, 2003.
 Decided: September 16, 2003.
 Motion Decided: January 7, 2004.
 
 Appeal from the United States District Court for the Southern District of New York, Shira A. Scheindlin, J.
 Daniel P. Levitt, Shearman & Sterling, New York, N.Y., for Appellants-Cross-Appellees.
 Andrew J. Rossman, Akin Gump Strauss Hauer & Feld LLP, New York, N.Y., for Appellee-Cross-Appellant.
 Before: JACOBS, STRAUB, Circuit Judges, and WOOD, Judge.*
 PER CURIAM:
 
 
 1
 Appellants Andersen, Weinroth & Co., L.P., G. Chris Andersen, Stephen D. Weinroth, and AW & Co., Inc. ("the AW parties") have filed a bill of costs under Rule 39 of the Federal Rules of Appellate Procedure ("Rule 39"), that includes expenditures associated with creating electronic copies of appellate briefs and appendices. Appellee Rohit Phansalkar ("Phansalkar") objects to this portion of the AW parties' Bill of Costs pursuant to Rule 39(d). In accordance with the principles of Rule 39 and the rules of this Court, we disallow that portion of the AW parties' bill of costs.
 
 
 2
 * On September 16, 2003, this Court reversed a judgment of approximately $4.4 million entered by the U.S. District Court for the Southern District of New York in favor of Phansalkar. Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184 (2d Cir.2003). On September 29, 2003 the AW parties submitted an itemized bill of costs. As appellants who have won a reversal, they are clearly entitled to costs for the docketing of the appeal and for printing the "necessary" copies of the regular and special appendices of appellants' main brief and reply brief, an amount totaling $16,112. That entitlement is supported by Rule 39, by this Court's Local Instructions for Bill of Costs, and by this Court's Model Form for an Itemized and Verified Bill of Costs. In addition, the AW parties seek $16,065 in costs associated with preparing and submitting companion appendices and briefs in hyperlinked CD-ROM format.
 
 
 3
 The AW parties and Phansalkar vigorously dispute whether an agreement was ever reached over how these CD-ROM costs would be allocated between them following this appeal. There is no dispute, however, that if such an agreement was reached, it was never committed to writing either in the scheduling order or in correspondence. The issue raised by the parties, which this Court has not yet decided, is whether Rule 39 and the rules of this Court contemplate taxation of the costs of preparing such electronic submissions.
 
 II
 
 4
 Under Rule 25(a)(2)(D) of the Federal Rules of Appellate Procedure,
 
 
 5
 [a] court of appeals may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes.
 
 
 6
 This Court was among the first circuits to promulgate such a local rule, by administrative order on October 17, 1997. That order was supplemented on January 30, 1998 with Administrative Order 98-2 (In the Matter of Companion Electronic Briefs and Appendices), which states that the submission of electronic format briefs is "allowed and encouraged" as long as "[a]ll parties have consented ... or a motion to file has been granted." Several other circuits have adopted local rules that permit or even require the filing of electronic briefs, usually on companion disks. See e.g. 1st Cir. R. 32; 5th Cir. R. 31.1; 7th Cir. R. 31(e); 8th Cir. R. 28A(d). The submission of an electronic version of a paper brief very likely entails small incremental costs.
 
 
 7
 CD-ROM submissions that hyperlink briefs to relevant sections of the appellate record are more versatile, more useful, and considerably more expensive. Our January 30, 1998 order allows and encourages the use of such "interactive CD-ROM" formats. The Federal Circuit also allows CD-ROM briefs to be filed with the prior consent of both the court and the opposing party. Yukiyo, Ltd. v. Watanabe, 111 F.3d 883, 886 (Fed.Cir.1997). To date, only the First Circuit appears to have adopted formally a local rule that applies to submission of hyperlinked CD-ROM briefs. See 1st Cir. R. 32.1 (allowing submission of CD-ROM's without the consent of other parties represented by counsel). Such submissions can assist judicial review and are welcomed, but they are not necessarily taxable as costs.
 
 
 8
 We have found no local rule or holding from another circuit that allocates CD-ROM costs. No guidance can be found in the relevant text of Rule 39, which authorizes taxation of costs incurred to produce "necessary" copies of briefs, appendices, and portions of the record relevant to an appeal, Fed. R.App. P. 39(c), and a variety of other costs of appeal, such as filing fees, Fed R.App. P. 39(e). In Lerman v. Flynt Distributing Co., 789 F.2d 164, 166 (2d Cir.1986) we explained that, in the absence of a specific textual reference in Rule 39, an expense can be an "allowable cost of appeal" when it is "analogous" to one of the costs specifically authorized by Rule 39(e). Citing this test, and our administrative orders encouraging the use of CD-ROM's, the AW parties argue that CD-ROM expenses are allowable costs under Rule 39.
 
 
 9
 However, Lerman cited several other factors that are also important in determining if a cost is authorized by Rule 39: whether the party seeking disallowance has clearly consented to the expense; whether a court has previously approved the expense; and whether the alternative arrangement costs less than the expense specifically authorized by the Rule. Id. None of these factors assists the AW parties. In particular, it appears that a substantial portion of the costs were duplicative. See Fed. R.App. P. 25(a)(2)(D) ("A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying [the Federal Rules of Appellate Procedure]."). Since the AW parties incurred costs both to produce hard copies of their appellate materials and to produce hyperlinked CD-ROM copies, Rule 25(a)(2)(D) suggests that the CD-ROM costs in this case were duplicative rather than an analog of hard copy production costs. Taxing the CD-ROM costs under such circumstances is inconsistent with our past applications of Rule 39.
 
 
 10
 Finally, it is decisive that there is no written stipulation or understanding between the parties concerning the allocation of the incremental costs of this useful technology.
 
 
 11
 * * * * * *
 
 
 12
 For the reasons set forth above, the motion to disallow costs of $16,065 for CD-ROM preparation is hereby GRANTED.
 
 
 
 Notes:
 
 
 *
 The Honorable Kimba Wood of the United States District Court for the Southern District of New York, sitting by designation