**BOSE CORPORATION,**
**Plaintiff, Appellant,**

v.

**CONSUMERS UNION OF U.S., INC.,**
**Defendant, Appellee.**

No. 86–1474.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided Dec. 1, 1986.

Blair L. Perry and Hale and Dorr, Boston, Mass., on brief, for plaintiff, appellant.

Michael N. Pollet, Esanu Katsky Korins & Siger, New York City, Harvey Silvergate, and Silvergate, Gertner, Baker & Fine, Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Appellant, Bose Corporation, appeals from a district court decision upholding the taxation of particular costs against it. The pertinent costs taxed are $1,473.00 premium for a supersedeas bond and $5,218.54

for a letter of credit to secure the bond. Bose objects to the taxation of costs for the letter of credit on grounds that such costs are not authorized by Fed.R.App.P. 39(e) or by decisional law.

Fed.R.App.P. 39(e) provides, in relevant part, that "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal ... shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule." The rule does not address costs incident to obtaining the premium and, by Bose's logic, does not encompass those collateral costs.

In a pre-Rule 39 case, the Ninth Circuit allowed recovery of expenses incurred in "arranging with bankers to furnish indemnity." *Sunkist Growers, Inc. v. Winckler and Smith Citrus Products*, 316 F.2d 275, 276 (9th Cir.1962). The Second Circuit seemed to have concurred with this approach in *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 177 (2d Cir.1975) ("[w]hen a judgment is reversed ... the costs of obtaining a supersedeas bond have long been held to be a proper item of costs...." (citations omitted)). However, the Second Circuit may have limited *TWA* to its facts in *Lerman v. Flynt Distributing Co., Inc.*, 789 F.2d 164 (2d Cir.1986).

The facts in *Lerman* indicate that the appellant (the party that ultimately prevailed) borrowed a million dollars at 15% interest and used it to secure a supersedeas bond. It knew when it transacted with the bonding company that it was to receive no interest from the bonding company on the million dollars. After successful appeal, the appellant sought to recover the difference between the amount it paid in interest payments and the amount it could have made had it invested the million dollars at prevailing money market rates. The appeals court reversed the district court's taxation of costs for lost interest.

It seems to us that the costs sought to be recovered in *Lerman* were unreasonable. For instance, it is not at all clear why the borrowing party did not purchase a certificate of deposit with its million dollars, once it knew that the bonding company would pay it no interest, instead of simply handing over the money interest-free. That it made no attempt to mitigate its expenses but, rather, acted unreasonably would constitute for us a sufficient basis for the *Lerman* decision. But the court announced a per se ruling that "borrowing expense, sought in addition to the premium on a supersedeas bond, is not a permissible item of taxable appellate costs." 789 F.2d at 167.

 We respectfully disagree. We review the district court's taxation of costs for abuse of discretion. *See Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 428 (1964). In this case there is no suggestion that the charge for a letter of credit was either unreasonable or resulted in any greater total cost than a supersedeas bond without supporting collateral. Under the circumstances, we are not inclined to disturb the district court's exercise of discretion.

*Affirmed.*