878 F.2d 297
 13 Fed.R.Serv.3d 1469
 Norman R. JOHNSON; Louise C. Johnson; Freeman L. Vacher;
Hilma I. Vacher; Fred W. Kamrath; Vera M. Kamrath; Gerda
E. Klipfel; D. Clark Conder; Rhea G. Conder; Russell S.
Braman; Mae O. Braman; William Ford Montgomery; Nellie
Mae Montgomery; Ella M. Gerlinger; Albert M. Cann; Mary
E. Cann; Crew Development Company, Inc., a California
corporation, as representatives of citrus growers
contracting with Blue Goose Growers, Inc., dba Yuma Citrus
Co., during 1973-1978, Plaintiffs-Appellants,
v.
PACIFIC LIGHTING LAND COMPANY, a California corporation,
formerly Blue Goose Growers, Inc., Defendant-Appellee.
 No. 88-1635.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 14, 1989.
Decided June 26, 1989.
 
 Richard D. Engler, Yuma, Ariz., for plaintiffs-appellants.
 Stephen E. Richman, Phoenix, Ariz., for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before BRUNETTI, KOZINSKI and NOONAN, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 This case of first impression involves the question of whether the costs of a letter of credit used to secure a supersedeas bond are properly taxable as costs of the appeal.
 
 FACTS
 
 2
 In this class action the plaintiff class secured a trial verdict of over $4 million against the defendant Pacific Lighting Land Company (Pacific). The defendant appealed and obtained a supersedeas bond in the amount of $5.3 million. In order to obtain the bond Pacific was required by the bonding company to obtain a letter of credit as security. Pacific paid premiums on the bond and costs for the letter of credit.
 
 
 3
 This court reversed the judgment against the defendant and, remanding the case for trial, ordered that appellate costs be taxed. Johnson v. Pacific Lighting Land Co., 817 F.2d 601 (9th Cir.1987). Pacific submitted its bill of costs to the clerk of the district court showing that it had paid $40,368 for bond premiums and $42,473.64 as letter of credit costs. Over the plaintiff's objections to taxation of the letter of credit costs, the clerk allowed both items in taxing costs, and the district court approved this figure. The plaintiff appealed the taxation of the letter of credit costs.
 
 ANALYSIS
 
 4
 The general rule on the taxation of costs is that the district court has discretion to fix the costs. Farmer v. Arabian American Oil Co., 379 U.S. 227, 233, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964). The discretion exists under Fed.R.Civ.P. 54(d). Such court discretion does not include the authority to tax costs beyond those authorized by statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-43, 107 S.Ct. 2494, 2496-98, 96 L.Ed.2d 385 (1986). The discretion conferred by the rule is necessarily restricted by the specific rule governing costs on appeal, which reads as follows:
 
 
 5
 Costs on appeal taxable in the district courts. Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule. Fed.R.App.P. 39(e).
 
 
 6
 It is apparent that the rule itself does not provide for costs paid for letters of credit.
 
 
 7
 Where a letter of credit has been used and the total cost has been no greater than a supersedeas bond without collateral, the charge for the letter of credit has been treated as the equivalent of premiums paid for the cost of a supersedeas bond. Bose Corp. v. Consumers Union of U.S., Inc., 806 F.2d 304, 305 (1st Cir.1986). Again, where the parties agree to less expensive substitutes for the costs explicitly authorized in Rule 39(e), there was no problem in allowing these costs. Lerman v. Flynt Distributing Co., 789 F.2d 164, 166 (2d Cir.1986). But this case is a case where there was no agreement by the parties and where the costs paid for the letter of credit were in addition to the cost of the premiums paid for the supersedeas bonds. There was no authorization in Rule 39 for such costs. It was an abuse of discretion to allow them.
 
 
 8
 REVERSED.