925 F.2d 1480
 17 U.S.P.Q.2d 1799
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DANA CORPORATION, Plaintiff-Appellant,
v.
IPC LIMITED PARTNERSHIP, and International Packings
Corporation, Defendants-Appellees.
 No. 90-1443.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1991.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Dana Corporation (Dana) appeals from the May 21, 1990 order and June 22, 1990 reconsideration decision of the United States District Court for the Eastern District of Michigan, taxing against Dana, inter alia, the cost of certain letters of credit obtained by IPC Limited Partnership and International Packings Corporation (IPC) to secure supersedeas bonds. We affirm.
 
 BACKGROUND
 
 2
 The district court in 1987 held Dana's U.S. Patent No. 3,498,621 not invalid and infringed by IPC. Dana Corp. v. IPC Ltd. Partnership, 5 USPQ2d 1535 (E.D.Mich.1987) (denying IPC's motions for judgment notwithstanding the verdict and to alter or amend judgment, and granting Dana's motions for finding of willful infringement, attorney fees, prejudgment interest and costs). IPC appealed to this court, posting supersedeas bonds in the amount of the $1.2 million judgment in order to stay its execution. See Fed.R.Civ.P. 62(d). As collateral for the bonds, IPC procured three letters of credit. The cost of the premiums that IPC paid for the bonds totalled $16,789, while the cost of the letters of credit totalled $42,818, resulting in a total "cost of bonds" of $59,607.
 
 
 3
 This court subsequently reversed the district court's judgment, holding Dana's '621 patent invalid for failure to comply with the best mode requirement of 35 USC 112. Dana Corp. v. IPC Ltd. Partnership, 860 F.2d 415, 8 USPQ2d 1692 (Fed.Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 2068 (1989).
 
 
 4
 Thereafter, IPC (as the successful appellant) filed with the district court a "Motion for Entry of Final Judgment Order," seeking an award of the entire $59,607 cost incurred in the bond purchase pursuant to Fed.R.Civ.P. 54(d) and Fed.R.App.P. 39(e). The latter rule provides (emphasis ours):
 
 
 5
 Costs on Appeal Taxable in the District Courts.
 
 
 6
 Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.
 
 
 7
 As reported in the district court's May 21, 1990 order, Dana's response to IPC's motion challenged the district court's authority to tax against it the $42,818 cost of the letters of credit, which it argued was not within the meaning of the word "premiums" as used in Fed.R.App.P. 39(e). In support of its position, Dana relied on Johnson v. Pacific Lighting Land Co., 878 F.2d 297 (9th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 407 (1989), in which the Ninth Circuit held that the district court had abused its discretion by awarding costs paid for letter of credit, where those costs were incurred without agreement by the parties and were in addition to the cost of premiums paid for the supersedeas bonds.
 
 
 8
 The district court was not persuaded by Dana's argument. In its May 21, 1990 order, the court granted IPC's motion, taxing the total $59,607 amount against Dana. The court found that "the [costs of the] letters of credit were not excessive costs, but rather costs incurred to actually lessen the amount of the bond premiums. As a result, this Court finds such cost reasonable and recoverable. Johnson, [878 F.2d at 298]; Bose Corp. v. Consumers Union of the U.S., Inc., 806 F.2d 304, 305 (1st Cir.1986) [cert. denied, 481 U.S. 1016 (1987) ]."
 
 
 9
 Dana moved for reconsideration of the district court's order on June 5, 1990, raising for the first time the factual issue of the lowest available cost for the supersedeas bonds. Attached to Dana's motion for reconsideration was a declaration of an employee of Dana's counsel, recounting an alleged May 25, 1990 telephone conversation between the employee and the broker who had arranged for IPC's purchase of the supersedeas bonds. Paragraph 5 of the declaration stated that "[o]n information and belief, the total cost IPC would have paid for the supersedeas bond without issuance of the letters of credit would have been $33,578.00." Subtracting the $33,578 from $59,607, Dana arrived at an "Additional Cost Incurred As A Result of IPC's Purchase of Letters of Credit" of $26,029.[1]
 
 
 10
 The district court refused to reconsider the reasonableness of the letter of credit cost award. The court distinguished Johnson by noting that in that case, the cost of the premiums for the collateralized bonds was as high as the cost of the letters of credit [$40,368 for premiums and $42,474 for letters of credit], while here the bond premiums were "significantly lower than the letters of credit."
 
 
 11
 This appeal followed, in which Dana disputes the district court's authority to tax against it any letter of credit costs pursuant to Fed.R.App.P. 39(e). Dana also argues, apparently in the alternative, that where such costs have been awarded, the "courts have permitted the costs of collateralizing a supersedeas bond to be recovered only where the total cost of the premium on the supersedeas bond plus the cost of the collateral (here, the lines of credit) is less than the total cost of an uncollateralized bond. See Johnson, 878 F.2d at 298 [citing Bose, 806 F.2d at 305; Lerman v. Flynt Distributing Co., 789 F.2d 164, 166 (2d Cir.), cert. denied, 479 U.S. 932 (1986) ]." In this case, Dana alleges, "IPC did not establish that the cost of the letters of credit it secured, when added to the premium it paid on the bonds, was less than the premium for an uncollateralized supersedeas bond." Therefore, Dana concludes, the district court committed reversible error in taxing the letters of credit cost against it.
 
 OPINION
 
 12
 We need not reach the broader question of whether Fed.R.App.P. 39(e) authorizes taxation of costs of letters of credit obtained in connection with the purchase of supersedeas bonds. Dana effectively conceded that courts have such authority, at least where the total cost of premiums plus collateral (here, letters of credit) is less than the total cost of uncollateralized supersedeas bonds. In any event, that rule has been approved by at least the Court of Appeals for the First Circuit.[2] See Bose, 806 F.2d at 305.
 
 
 13
 Dana submits that "IPC, as movant, bore the burden of establishing its entitlement to costs," and berates IPC for its "failure of proof" in not rebutting Dana's "evidence" that the total expense IPC sought to tax against Dana was greater than the cost of uncollateralized bonds, pursuant to the rule in Bose. We disagree, for the following reasons. Dana's allegation regarding the cost at which uncollateralized bonds would have been available, based "on information and belief," was presented to the district court for the first time with Dana's motion for reconsideration. Far from committing a "failure of proof," IPC was in fact prohibited by Rule 17(m)(2) of the Eastern District of Michigan from rebutting Dana's allegation, in the absence of direction by the district court to do so. Moreover, the declaration upon which Dana relies was pure hearsay, based on the declarant's alleged telephone conversation with a third party. Lastly, Dana failed to offer any evidence that uncollateralized bonds were available to IPC.
 
 
 14
 Fed.R.App.P. 39(a) provides that if a judgment is reversed on appeal, costs shall be taxed against the appellee "unless otherwise ordered." The quoted phrase indicates that the award of costs is within the discretion of the district court. Cf. 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice p 54.70 (2d ed. 1990) (the "unless the court otherwise directs" qualification of Fed.R.Civ.P. 54(d) vests in the district court a sound discretion over the allowance, disallowance, or apportionment of costs in civil actions). See also Bose, 806 F.2d at 305 (reviewing district court's taxation of Fed.R.App.P. 39(e) costs for abuse of discretion). We therefore review the district court's award of the letter of credit costs to IPC for abuse of discretion.
 
 
 15
 As the proponent of a test dictating that taxable costs include letter of credit costs only where those costs plus bond premium costs are no greater than the cost of uncollateralized bonds, it was Dana's evidentiary burden to show that the test had not been satisfied. We find Dana's submissions on that score woefully inadequate, and see no abuse of discretion in the district court's refusal to disallow the letters of credit cost award to IPC in light thereof. Nor do we find any abuse of discretion in the amount of the costs taxed against Dana, which the district court found to be "reasonable" and "not excessive." We accordingly affirm.
 
 
 
 [1]
 Curiously, Dana now asks this court to reduce the amount of costs taxed against it not by $26,029, but by $37,771 (the $42,818 total cost of the letters of credit, less a $5,047 refund previously obtained by IPC)
 
 
 [2]
 This court ordinarily reviews procedural matters not unique to patent issues under the law of the particular regional circuit court where appeals from the district court would normally lie; here, the Sixth Circuit. See Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1574-75, 223 USPQ 465, 471 (Fed.Cir.1984). However, neither the parties nor the court's own research have identified any Sixth Circuit cases on point