# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CA-00687-SCT

*UNITED SOUTHERN BANK AND UNITED SOUTHERN CORPORATION*

*v.*

*BANK OF MANTEE AND JAMES R. GRAY*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/93 |
| TRIAL JUDGE: | HON. MELVIN MCCLURE |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN H. DUNBAR |
| | STEPHEN L. MCDAVID |
| ATTORNEYS FOR APPELLEES: | CRAIG N. LANDRUM |
| | SAM S. THOMAS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 9/26/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/17/96 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

¶1. This is an appeal of costs taxed by the lower court against United Southern Bank (United Southern). The parties were previously before this Court and, at that time, this Court reversed and rendered the chancellor's judgment as it applied to the Bank of Mantee (Mantee). The Court ordered that United Southern be taxed one-half of the costs of appeal. As part of Mantee's costs of appeal, the lower court held that Mantee's lost investment opportunity was a recoverable cost of appeal and entered judgment against United Southern in the amount of $15,811.00. This amount included $13,551.00 for "lost investment income." United Southern, aggrieved by the chancellor's ruling, appeals and assigns the following as error:

> **I. SUPREME COURT RULE 36(c) SPECIFIES FOUR TYPES OF OUT-OF-POCKET COSTS WHICH CAN BE TAXED BY A TRIAL COURT AS COSTS OF APPEAL. THE TRIAL COURT BELOW INCLUDED IN THE COSTS IT TAXED A SUM FOR ALLEGED "LOST INVESTMENT INCOME." DOES THE TRIAL COURT HAVE DISCRETION TO TAX COSTS NOT PROVIDED FOR IN SUPREME COURT RULE 36(C)?, AND**

**II. IF THE TRIAL COURT HAS SUCH DISCRETION, DID THE CHANCELLOR ABUSE ITS [sic] DISCRETION BY TAXING COSTS FOR LOST INVESTMENT OPPORTUNITY?**

¶2. After a careful review of the issues and law presented in this matter, it is the opinion of the Court that the lower court erred by abusing its discretion in taxing one-half of the $27,102 lost investment income as a cost of appeal; however, the lower court was correct in taxing United Southern one-half of the direct court costs. Therefore, this case is reversed and rendered as to the amount of lost income taxed but affirmed as to the taxing of one-half of the direct costs of appeal.

## STATEMENT OF THE FACTS

¶3. On May 9, 1989, the Chancery Court of DeSoto County entered a final judgment in the amount of $672,855.97 against Omnibank of Mantee (Mantee), formerly known as Bank of Mantee, resulting from a branch bank officer's imprudent credit practices. Mantee appealed and on July 22, 1992, this Court reversed and rendered the chancellor's judgment as it applied to Mantee. ***Omnibank of Mantee v. United Southern Bank***, 607 So. 2d 76 (Miss. 1992). The Court's mandate ordered United Southern Bank (United Southern) to pay one half of the costs of appeal.

¶4. Instead of paying a premium to a commercial surety for a conventional supersedeas bond, Mantee filed a motion requesting permission to pledge its own assets. United Southern objected at the outset but the parties eventually compromised, and as a result Mantee pledged certain instruments to secure its appeal with supersedeas.

¶5. Mantee proceeded before the chancellor with a motion to Tax Costs of Appeal, and Amended Motion to Tax Costs. The Amended Motion sought to recover monies Mantee alleges to have lost as a result of having to divert earning assets to secure its appeal bond.

¶6. Mantee sought costs of appeal in the amount of $41,000.79. This sum was comprised, in part, of $1,920 for reporter's fee; $2,500.00 for clerk's fee; and a $100 filing fee, for a subtotal of $4,520.00. In addition, Mantee sought $36,480.79 for the costs incurred in obtaining an alternative supersedeas bond arrangement. This sum included $27,102 which Mantee alleges was the loss Mantee experienced on its earnings as a result of having to pledge lower yielding instruments in the alternative supersedeas bond arrangement. The remaining was attorneys' fees attributable to the bond arrangement. Mantee sought judgment against United Southern in the amount of $20,500.40, comprised of one-half of the $4,520 in court costs and one-half of the alternative bond arrangement cost of $36,480.79.

¶7. The Chancellor found that Miss.Sup.Ct.R. 36(c), now M.R.A.P. 36(c), gave the chancellor discretion to tax costs not specified by the rule. The chancellor found further that, although Mantee did not pay a premium for a conventional supersedeas bond, Mantee "did incur costs in lieu of a surety bond in the amount of $27,102, which costs were less than the costs that would have been incurred by a supersedeas bond." The chancellor denied Mantee's request for attorneys' fees related to the alternative bond arrangement. Holding that the costs incurred in lieu of a supersedeas bond were properly taxable, the chancellor awarded Mantee one-half of the $27,102.00 and one-half of the $4,520 in court costs for a total judgment amount of $15,811.

¶8. United Southern, believing the chancellor's order was not in accordance with M.R.A.P. 36(c), sought reconsideration of the matter, which was denied, and then perfected this appeal.

## STANDARD OF REVIEW

¶9. Our review of a chancellor's findings is well-settled and very familiar. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. ***Bowers Window and Door Co., Inc. v. Dearman***, 549 So. 2d 1309 (Miss. 1989) (citing ***Bullard v. Morris***, 547 So. 2d 789, 791 (Miss. 1989)); ***Gibson v. Manuel***, 534 So. 2d 199, 204 (Miss. 1988); ***Johnson v. Hinds County***, 524 So. 2d 947, 956 (Miss. 1988); ***Bell v. City of Bay St. Louis***, 467 So. 2d 657, 661 (Miss. 1985); ***Culbreath v. Johnson***, 427 So. 2d 705, 707-08 (Miss. 1983).

## DISCUSSION OF THE LAW

**SUPREME COURT RULE 36(c) SPECIFIES FOUR TYPES OF OUT-OF-POCKET COSTS WHICH CAN BE TAXED BY A TRIAL COURT AS COSTS OF APPEAL. THE TRIAL COURT BELOW INCLUDED IN THE COSTS IT TAXED A SUM FOR ALLEGED "LOST INVESTMENT INCOME." DOES THE TRIAL COURT HAVE DISCRETION TO TAX COSTS NOT PROVIDED FOR IN SUPREME COURT RULE 36(C)?**

¶10. Appellant United Southern argues that the chancellor acted outside the law by permitting Mantee to recover "lost investment income" as part of the taxable costs of appeal. United Southern contends that Rule 36(c) does not provide for non out-of-pocket expense recovery.

¶11. Appellee Mantee counters, arguing that the funds it pledged to secure its appeal were invested in low yielding instruments and therefore the losses it sustained were costs attributable to securing its appeal with supersedeas and accordingly taxable as costs of appeal.

¶12. Mantee requested and was allowed to pledge low yielding securities in lieu of obtaining a conventional supersedeas bond. The record reveals evidence, in the form of an affidavit of Linda Whittington, that the premium for a conventional supersedeas bond, in the amount of $841,000.00, would have been $43,739.00. Mantee made the conscious choice to pursue this route rather than the more conventional manner of securing an appeal with supersedeas.

¶13. M.R.A.P. 36, in its current form, differs slightly from the previous Supreme Court Rule version relied upon by Appellant in the case at bar. In the earlier version, Rule 36(c) read in part: "[i]f a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the Court." Today, that rule reads in part:

> **(a) To Whom Allowed.** Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the Supreme Court or the Court of Appeals. If a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered. If a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered. If a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the *court which decided the case.*

. . . .

> **(c) Costs on Appeal Taxable in Court Below.** Costs incurred in the preparation and transmission of the record, the costs of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.

M.R.A.P. 36.

¶14. Under the earlier version of Rule 36, this Court, and not the trial court, was granted the discretion to determine which costs can be taxed on appeal. However, the new version does direct that the "costs shall be allowed only as ordered by the court which decided the case." Nevertheless, both versions were followed by paragraph (c) which specifies which costs of an appeal can be recovered. In part, Rule 36(c) provides that "the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal" are recoverable. Mantee paid no premium for a bond. Mantee pledged bank-held securities in lieu of obtaining a conventional supersedeas bond. By doing so, Mantee experienced no out-of-pocket expense. Not only did Mantee not expend any money paying a premium, Mantee earned $155,000 in interest income from the investments which secured its appeal.

¶15. This Court has not addressed this specific issue to date. However, we may look to the federal courts for guidance. The comment to M.R.A.P. 36 states that Rule 36 follows Fed.R.App.P. 39. Federal decisions interpreting Rule 39(e) have constantly held that the trial court has no discretion to tax costs not specified by Rule 39(e). See *Johnson v. Pacific Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989); *Lamborn v. Dittmer*, 726 F. Supp. 510, 520 (S.D.N.Y. 1989).

¶16. Federal authority has consistently held that only the premium paid with out-of-pocket funds, for a bond as specified in the rule, is recoverable. See *Record Club of America, Inc. v. United Artist Records, Inc.*, 731 F. Supp. 602, 604 (S.D.N.Y. 1990); *Lamborn*, 726 F. Supp. at 520; *Johnson*, 878 F.2d at 298; *Lerman v. Flynt Distributing Co.*, 789 F.2d 164 (2nd Cir. 1986).

¶17. Mantee cites *Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173 (2d Cir. 1974), and *Bose Corporation v. Consumers Union of U.S., Inc.*, 806 F.2d 304 (1st Cir. 1986), in support of its position; however, both of these cases deal with out-of-pocket expenses. Neither of these cases involved the taxation of costs which were not out-of-pocket.

¶18. In addition to the above, United Southern argues that public policy would certainly not allow such taxing of costs, asking "why 'lost investment income' should be awarded defendants in Mantee's class but denied defendants who actually pay a premium for a commercial supersedeas bond? Defendants in the latter class lose all opportunity to earn any interest on the premiums paid to the commercial surety."

¶19. United Southern asks this Court "to draw a line on the recovery of appellate costs" and, in doing so, provide consistency in the taxation of appellate costs across this State.

¶20. It is the opinion of this Court that the chancellor erred in taxing the "lost investment income" as

a cost of appeal. Accordingly, we reverse and render as to this assignment of error.

### IF THE TRIAL COURT HAS SUCH DISCRETION, DID THE CHANCELLOR ABUSE ITS [sic] DISCRETION BY TAXING COSTS FOR LOST INVESTMENT OPPORTUNITY?

¶21. It is the opinion of this Court that the record fails to evidence sufficient proof as to the appropriate rate of interest upon which the chancellor could base his determination of any loss of investment opportunity. The only evidence before the chancellor was that Mantee was generally buying three-year Treasury securities at the time of the appeal. No evidence was offered showing that Mantee would have bought a three-year Treasury note, or that Mantee offered to do so. The use of a three-year yield rate was arbitrary and repeatedly objected to by United Southern. The chancellor's use of the three year yield rate without proof that Mantee offered or moved to pledge such securities was speculative and an abuse of discretion. *Lovett v. E. L. Garner, Inc.*, 511 So. 2d 1346, 1354 (Miss. 1987) (reversing chancellor's cost award of attorney's fees where no evidence was presented as to time expended, reasonableness or necessity of the fees); *Sandford v. Jackson Mall Shopping Center*, 516 So. 2d 227, 230 (Miss. 1987) (reversing cost award because "the record reflects no evidence . . . to support this award as being reasonable. Absent such proof, the circuit court erred in making this award").

¶22. The chancellor's use of the three-year yield rate was speculative and arbitrary and therefore an abuse of discretion.

### CONCLUSION

¶23. M.R.A.P. 36(c) does not allow the taxation of "lost investment income" as appellate costs. The rule does allow the out-of-pocket premiums paid for the supersedeas bond. Therefore, the chancellor erred as a matter of law in taxing Mantee's lost investment income as costs of appeal in the case *sub judice*.

¶24. Accordingly, the decree is reversed and rendered as to the first assignment of error; thus setting aside the taxation of $13,551.00 as costs of appeal, being one-half of the lost income of $27,102.00 as determined by the chancellor. The decree is affirmed as to the assessment of costs against United Southern in the sum of $2,260.00, being one-half of the $4,520.00 in filing costs attributable to the appeal.

¶25. **REVERSED AND RENDERED.**

**PRATHER, P.J., PITTMAN, McRAE, ROBERTS AND SMITH, JJ., CONCUR. BANKS, J., CONCURS IN THE RESULT WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. MILLS, J., NOT PARTICIPATING.**

### BANKS, JUSTICE, CONCURRING:

¶**26.** I concur in the result here based upon the rationale expressed with regard to Issue II. I do not

agree with a blanket restriction of costs to out-of-pocket expenses but I do agree that lost opportunity claims should be discouraged because of difficulties of evaluation.

**SULLIVAN, P.J., JOINS THIS OPINION.**