# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-EC-01682-SCT

*BILLY G. RAYNER, IN HIS OFFICIAL CAPACITY AS CIRCUIT CLERK OF JASPER COUNTY, MISSISSIPPI, AND AS A QUALIFIED MEMBER OF THE VOTING ELECTORATE OF THE THIRTEENTH CIRCUIT COURT DISTRICT OF THE STATE OF MISSISSIPPI; CINDY JENSEN, IN HER OFFICIAL CAPACITY AS CIRCUIT CLERK OF SIMPSON COUNTY, MISSISSIPPI, AND AS A QUALIFIED MEMBER OF THE VOTING ELECTORATE OF THE THIRTEENTH CIRCUIT COURT DISTRICT OF THE STATE OF MISSISSIPPI; ANTHONY GRAYSON, IN HIS OFFICIAL CAPACITY AS CIRCUIT CLERK OF SMITH COUNTY, MISSISSIPPI, AND AS A QUALIFIED MEMBER OF THE VOTING ELECTORATE OF THE THIRTEENTH CIRCUIT COURT DISTRICT OF THE STATE OF MISSISSIPPI, AND RICHARD FELTON AULTMAN, IN HIS OFFICIAL CAPACITY AS ELECTION COMMISSIONER OF COVINGTON COUNTY, MISSISSIPPI, AND AS A QUALIFIED MEMBER OF THE VOTING ELECTORATE OF THE THIRTEENTH CIRCUIT COURT DISTRICT OF THE STATE OF MISSISSIPPI*

*v.*

*HALEY BARBOUR, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF MISSISSIPPI AND AS A MEMBER OF THE STATE BOARD OF ELECTION COMMISSIONERS; DELBERT HOSEMANN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF MISSISSIPPI, AS THE CHIEF ELECTION OFFICER OF THE STATE OF MISSISSIPPI, AND AS A MEMBER OF THE STATE BOARD OF ELECTION COMMISSIONERS; AND JIM HOOD, IN HIS OFFICIAL CAPACITY AS ATTORNEY*

*GENERAL OF THE STATE OF MISSISSIPPI AND*
*AS MEMBER OF THE STATE BOARD OF*
*ELECTION COMMISSIONERS*

DATE OF JUDGMENT:                   10/13/2010
TRIAL JUDGE:                        HON. HENRY L. LACKEY
COURT FROM WHICH APPEALED:  HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:     S. WAYNE EASTERLING
ATTORNEY FOR APPELLEES:       OFFICE OF THE ATTORNEY GENERAL
                                     BY: HAROLD EDWARD PIZZETTA, III
NATURE OF THE CASE:            CIVIL - ELECTION CONTEST
DISPOSITION:                        ON DIRECT APPEAL: AFFIRMED.  ON
                                     CROSS-APPEAL: AFFIRMED - 10/27/2010
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC

CHANDLER, JUSTICE, FOR THE COURT:

¶1.    The circuit clerks of Jasper, Simpson, and Smith Counties and an election commissioner of Covington County have filed a petition for an expedited appeal of an order entered by the Circuit Court of Hinds County, First Judicial District.  The order, entered on October 13, 2010, denied their complaint to enjoin the November 2, 2010, election for circuit court judge for the Thirteenth Circuit Court District.  The defendants are Governor Haley Barbour, Secretary of State Delbert Hosemann, and Attorney General Jim Hood, in their official capacities and in their capacities as members of the State Board of Election Commissioners (the Board).  The Board had ordered a write-in election for the position of circuit court judge for the Thirteenth Circuit Court District after the death of the only candidate who had qualified for the position, incumbent Honorable Judge Robert Evans.  Judge Evans's demise occurred after the qualifying deadline had passed.  The plaintiffs argue

2

that the write-in election ordered by the Board will contravene the election laws pertaining to judicial offices, and that the election properly should be conducted as a special election to be held in November 2011. The defendants cross-appeal the circuit court's assessment of costs against them.

¶2. We grant the petition for an expedited appeal. Finding that the Board's interpretation of the governing statutes was permissible, we affirm the denial of the complaint. We also affirm the issue on cross-appeal.

## FACTS

¶3. On July 13, 2010, a vacancy arose in the office of circuit court judge for the Thirteenth Circuit Court District upon the death of Judge Robert Evans. Judge Evans's four-year term was set to expire on December 31, 2010. Upon Judge Evans's death, Gov. Barbour appointed the Honorable Eddie H. Bowen to fill the vacancy. Prior to his death, Judge Evans had been the only candidate who had qualified as a candidate to the office in the general election to be held on November 2, 2010.

¶4. On September 7, 2010, the Board declared that, under state law, the election for circuit court judge for the Thirteenth Circuit Court District must occur according to its appropriate election schedule on November 2, 2010. The Board's order stated, "[b]ecause Judge Evans was the only candidate to qualify for the position and died after the qualifying deadline, this election will be determined by write-in candidate." The order further stated that nonpartisan judicial elections require a majority of lawful votes cast, and a lawful vote is considered a vote for an individual qualified to serve as a circuit court judge, specifically, one who: (1) has been a practicing attorney for five years; (2) is at least twenty-six years old; (3) has been

3

a five-year citizen of the State of Mississippi; and (4) is a resident of the particular judicial district. *See* Miss. Const. art 6, § 154; Miss. Code Ann. § 9-7-1 (Rev. 2002). The order stated that, if a majority was not reached in the write-in election, the two candidates with the most votes would participate in a run-off election to be held on November 23, 2010. Accordingly, several candidates began campaigning as write-in candidates for election to the position of circuit court judge for the Thirteenth Circuit Court District.

¶5. The plaintiffs filed their complaint in the Circuit Court of Jasper County, Second Judicial District, on September 23, 2010, followed by an amended complaint on September 28, 2010. They requested injunctive and declaratory relief. The defendants filed a motion to dismiss or to transfer venue. The circuit court, Judge Henry Lackey presiding by special appointment by this Court, transferred the action to the Circuit Court of Hinds County. Following the recusal of the judges of the Circuit Court of Hinds County, First Judicial District, this Court specially appointed Judge Lackey to adjudicate the case.

¶6. After a hearing, Judge Lackey entered an order denying the request for injunctive and declaratory relief. The order stated:

> Having considered the applicable law the court finds that Mississippi Code Section 23-15-1015 clearly mandates that an election occur on November 2, 2010, to select a circuit court judge for the new four-year term of office beginning January 1, 2011. The court further finds that the legislature has, through Code Section 23-15-365, provided that write-in candidates are appropriate in the event of the death of any candidate who has qualified to run for a particular office. Accordingly, the court finds that the Complaint and the request for injunctive and declaratory relief are not well taken.

Judge Lackey assessed costs to the defendants.

## ISSUE ON APPEAL

4

*A. Standard of review*

¶7.    "[W]hen a statute is not ambiguous, this Court applies the statute according to its plain meaning and need not apply principles of statutory construction." ***Barbour v. State ex rel. Hood***, 974 So. 2d 232, 240 (Miss. 2008) (quoting ***Miss. Ins. Guar. Ass'n v. Cole***, 954 So. 2d 407, 412-13 (Miss. 2007)).  But if there is ambiguity, the interpretation afforded by the State Board of Election Commissioners must be upheld if it is "based on a permissible construction of the statute." ***Id.*** at 241 (citing ***Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.***, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 2781, 81 L. Ed. 2d 694, 702 (1984)). This Court affords considerable weight to the construction given to a statutory scheme by the agency entrusted to administer it. ***Id.***

*B. Analysis*

¶8.    The plaintiffs in this case rely on Mississippi Code Section 9-1-103 and Mississippi Code Section 23-15-849(1) to support their argument that the regular election scheduled for November 2, 2010, should be postponed until November 2011.  Section 9-1-103 states, in relevant part:

> Whenever a vacancy shall occur in any judicial office by reason of death of an incumbent, resignation or retirement of an incumbent, removal of an incumbent from office, or creation of a new judicial office in which there has not heretofore been an incumbent, *the Governor shall have the authority to appoint a qualified person to fill such vacancy to serve for the unexpired term or until such vacancy is filled by election as provided in Section 23-15-849, Mississippi Code of 1972.*

Miss. Code Ann. § 9-1-103 (Rev. 2002) (emphasis added).  Section 23-15-849(1) provides:

> (1) Vacancies in the office of circuit judge or chancellor shall be filled for the unexpired term by the qualified electors at the next regular election for state officers or for representatives in Congress *occurring more than nine (9)*

5

*months after the existence of the vacancy to be filled*, and the term of office of the person elected to fill a vacancy shall commence on the first Monday in January following his election. Upon the occurring of such a vacancy, the Governor shall appoint a qualified person from the district in which the vacancy exists to hold the office and discharge the duties thereof until the vacancy shall be filled by election as provided in this subsection.

Miss. Code Ann. § 23-15-849(1) (Rev. 2007) (emphasis added). Additionally, Mississippi Code Section 23-15-365 states:

There shall be left on each ballot one (1) blank space under the title of each office to be voted for, and *in the event of the death, resignation, withdrawal or removal of any candidate* whose name shall have been printed on the official ballot, the name of the candidate duly substituted in the place of such candidate may be written in such blank space by the voter.

Miss. Code Ann. § 23-15-365 (Rev. 2007) (emphasis added). Under Article 6, Section 153 of the Mississippi Constitution and Mississippi Code Section 9-7-1, circuit court judges shall hold office for a term of four years. *See* Miss. Code Ann. § 9-7-1 (Rev. 2002). Mississippi Code Section 23-15-1015 provides for an election to be held in every county every four years, concurrently with the election for representatives in Congress, for judges of the several chancery and circuit court districts. *See* Miss. Code Ann. § 23-15-1015 (Rev. 2007).

¶9. The plaintiffs argue that, because the election scheduled for November 2, 2010, will take place fewer than nine months from when the vacancy occurred, the election must be postponed until November 2011 so that nine months may pass before the election as required by Section 23-15-849(1). The Board counters that Section 23-15-849(1) is not implicated by the facts of this case. The Board contends that Section 23-15-849(1) applies only when a special election is required to fill a vacancy; in this case, the vacancy will end upon the expiration of Judge Evans's four-year term on December 31, 2010, and the new four-year

6

term will begin on January 1, 2011. Thus, the November 2, 2010, election will be to elect a new judge for the regular four-year term; it will not be a special election to fill a vacancy in an unexpired term. And, because Judge Evans died after qualifying for the November 2, 2010 election, Section 23-15-865 applies, mandating a write-in election.

¶10. We find that the Board's interpretation of the statutory scheme was permissible. It is plain that Sections 9-1-103 and 23-15-849 promulgate a procedure to fill judicial vacancies. Upon the occurrence of a vacancy, the Governor must appoint a qualified person from the district to serve until the vacancy is filled by special election. Miss. Code Ann. § 23-15-849 (Rev. 2007). A special election to fill the vacancy must take place more than nine months after the occurrence of the vacancy. *Id.* However, the use of the word "or" in Section 9-1-103 means that an election under Section 23-15-849(1) need not occur if there is so little time in the unexpired term that the appointee may legally "serve for the unexpired term." Miss. Code Ann. § 9-1-103 (Rev. 2002), Miss. Code Ann. § 23-15-849(1) (Rev. 2007). Here, Judge Evans passed away five months prior to the expiration of his term. The Governor, pursuant to Section 25-15-849(1), appointed Judge Bowen to fill the vacancy. This "vacancy" will end on December 31, 2010, the date of the expiration of Judge Evans's term, which is fewer than nine months after the vacancy occurred. The election for the new term of office is scheduled to occur on November 2, 2010, and Judge Evans already had qualified for that election. Because Judge Evans died fewer than nine months before the expiration of his term, Section 9-1-103 permitted the appointee, Judge Bowen, to "serve for the unexpired term" with no requirement of a special election. Miss. Code Ann. § 9-1-103 (Rev. 2002). Under Section 23-15-365, "in the event of the death, resignation, withdrawal

7

or removal of any candidate whose name shall have been printed on the official ballot, the name of the candidate duly substituted in the place of such candidate may be written in such blank space by the voter." Miss. Code Ann. § 23-15-365 (Rev. 2007). Because Judge Evans passed away after qualifying for the November 2, 2010, election, a write-in election was proper. *Id.*

¶11.   The plaintiffs argue that this interpretation of the governing statutes is incorrect as applied to judicial candidates.  They contend that, because the Legislature has imposed unique qualification requirements upon candidates for judicial office, a write-in election in which voters might supply names of unqualified persons is improper.  *See* Miss. Code Ann. §§ 23-15-974 to 23-15-985 (Rev. 2007).  The Court observes that all Mississippi elections, except for run-off elections, permit voters to vote by write-in.  Miss. Code Ann. § 23-15-365 (Rev. 2007).  The issue here is that, under Section 23-15-365, due to the death of the only candidate who had qualified before the qualifying deadline had passed, no name will be printed on the ballot, and the election will be only by write-in.  In that circumstance, the election will proceed in the same manner as if no one had qualified to run as a candidate before the qualifying deadline. Miss. Code Ann. § 23-15-365 (Rev. 2007).

¶12.   This Court has ruled that "the application of the 'write-in candidate' provisions are appropriate in the event of a death of a candidate who has qualified to run for a particular office." *Upton v. McKenzie*, 761 So. 2d 167, 175 (Miss. 2000) (citing *McKenzie v. Boykin*, 111 Miss. 256, 71 So. 382 (1916)).  As the Board contends, qualifications are not exclusive to judicial office; all offices in the State of Mississippi have qualifying deadlines that require certain documentation. A write-in candidate naturally enters the race after the qualifying

8

deadline has passed. The Legislature has provided for a write-in election to occur in the event of the death of "any candidate" who has qualified. Although the Legislature has imposed unique qualifications upon judicial candidates, it did not exclude judicial candidates from its provision for a write-in election in the event of a qualified candidate's death. Miss. Code Ann. § 23-15-365 (Rev. 2007). Therefore, we find the Board's interpretation of Section 23-15-365 was permissible. We affirm the circuit court's denial of injunctive and declaratory relief.

ISSUE ON CROSS-APPEAL

¶13.   We turn to the Board's cross-appeal of the assessment of costs against it. The assessment of costs is a matter within the trial court's sound discretion. *United S. Bank v. Bank of Mantee*, 680 So. 2d 220, 224 (Miss. 1996). Judge Lackey assessed costs against the Board in his bench ruling and instructed counsel for the Board to draft an order that reflected the bench ruling. The Board did not object to the cost assessment, nor did the Board file a motion to reconsider the cost assessment. Therefore, we find that this issue was not preserved for appeal. *See Johnson v. Gray*, 859 So. 2d 1006, 1015 (Miss. 2003).

¶14.   **ON DIRECT APPEAL: AFFIRMED. ON CROSS-APPEAL: AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., LAMAR AND KITCHENS, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED IN PART BY PIERCE, J. PIERCE, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED IN PART BY RANDOLPH, J. DICKINSON, J., NOT PARTICIPATING.**

**RANDOLPH, JUSTICE, CONCURRING IN RESULT ONLY:**

¶15.   The plaintiffs/appellants offer credible evidence that some voters (absentee ballots) in their various counties have been, and other voters (election day) will be, denied the right

9

to timely and effective instructions on how to utilize write-in ballots; and that the manner in which the election will be held will result in mass confusion, thus thwarting the will of the people.

¶16.    By application of two statutes dealing with vacancy and vacancy in office (including the holding of elections), the dilemma now being faced could have been prevented. Mississippi Code Section 9-1-103 is the first statute which should be examined under the facts presented.  It establishes the procedure to be followed "[w]henever a vacancy shall occur in any judicial office by reason of death of an incumbent," *inter alia*, granting "the Governor the authority to appoint a qualified person to fill such vacancy to serve for the unexpired term **or** until such vacancy is filled by election as provided in Section 23-15-849 . . . ."  Miss. Code Ann. § 9-1-103 (Rev. 2002) (emphasis added). Applying that statute as written would have avoided the conflict posed herein and allowed all judicial candidates to abide by the Nonpartisan Judicial Election Act.  *See* Miss. Code Ann. §§ 23-15-974 to 23-15-985 (Rev. 2007).  However, compliance with other statutes is now impossible, given the election is less than one week away. Appellants are concerned that there is a distinct likelihood that the will of a majority of the people will not be expressed in this election.

¶17.    Using the authority granted by Section 9-1-103 would have allowed all of the judicial candidates time to fulfill other statutory and judicial code obligations and requirements;[1] provided each of the candidates an opportunity to conduct a meaningful campaign; and, most importantly, allowed the electorate ample time to vet the credentials and qualifications of the

---

[1]*See* Canon 5 of the Mississippi Code of Judicial Conduct.

10

respective candidates before being required to express their will at the ballot box. Rather, the electorate has been issued a mandate by the State Board of Election Commissioners ("Board") that expressing their will must be accomplished by writing in a candidate's name.

¶18. The "Write-in Space" statute, Mississippi Code Section 23-15-365, requires leaving "on each ballot one (1) blank space under the title of each office to be voted for, and in the event of the death, . . . *of any candidate whose name shall have been printed on the official ballot*, the name of the candidate duly substituted in the place of such candidate may be written in such blank space by the voter." Miss. Code Ann. § 23-15-365 (Rev. 2007) (emphasis added). Based on the pleadings and briefs filed, the name of the deceased incumbent, the Honorable Robert Evans, is not printed on the ballot. The Write-in Space statute passed by the Legislature was designed to offer all voters an alternative to the candidate whose name is listed. In the case before us, there is no other name on the official ballot. Therefore, Section 23-15-365 should not apply.

¶19. Nonetheless, the Board interpreted its duties and responsibilities contrary to the interpretation advocated by the appellants. Although I disagree with the decision of the Board, I cannot disregard that my esteemed colleagues, charged with analyzing the same issues, have, after a spirited debate of the pros and cons of each parties' position, reached a different disposition. Thus, one issue becomes abundantly clear (beyond all dispute), that being that the decision of the Board was "fairly debatable," which is "the antithesis of arbitrary and capricious." *Edwards v. Harrison County Bd. of Supervisors,* 22 So. 3d 268, 274 (Miss. 2009) (quoting *Town of Florence v. Sea Lands, Ltd.*, 759 So. 2d 1221, 1223 (Miss. 2000)).

11

¶20. Perhaps, if faced with a similar dilemma in the future, the Board should consider the positions advocated by the local elected officials who brought this action. However, our standard of review does not allow reversal of an administrative decision simply based upon whether we agree or disagree with the branch or agency empowered to make the decision. Therefore, I acquiesce in the Court's opinion *dubitante* on the question of whether the proper statutes were utilized.

**PIERCE, J., JOINS THIS OPINION IN PART.**

**PIERCE, JUSTICE, CONCURRING IN RESULT:**

¶21. Our decision today is troubling because its immediate result may be chaos. However, I agree that the Election Commission's interpretation is permissible under our limited review.

¶22. The Majority notes that, effectively, no person qualified to run in this election and finds that in such a circumstance, the "write-in" provisions of Mississippi Code Section 23-15-365 are applicable. This section is implicated only when a candidate is removed from contention *but whose name remains printed on the ballot*.[2] So, I cannot agree with the Majority that Section 23-15-365 mandates a write-in election.

¶23. However, Mississippi Code Section 23-15-1015 mandates that a regular election occur. Miss. Code Ann. § 23-12-1015 (Rev. 2007) While no statutory process may specifically address the rare circumstances of having no person has qualified to have his or her name printed on the ballot, we still face the question of whether the Election Commission reasonably interpreted the mandate in Section 23-15-1015 that an election be held. Giving

---

[2]*See* Miss. Code Ann. § 23-15-365 (Rev. 2007).

12

the Election Commission the appropriate deference (and despite my reservations about the instant result of this decision) I cannot call its determination unreasonable.

¶24.    Judge Evans's death has left a void in Mississippi's judicial system.  Compounding this misfortune, the petitioners have no good way to select his replacement.  Post-election challenges ranging from candidate qualifications to misspelled names[3] will be no surprise.  However, the law requires a general election to occur, and the Election Commission has chosen this method in their particularized wisdom.  So, I concur in the result.

   **RANDOLPH, J., JOINS THIS OPINION IN PART.**

---

[3]This possibility is not likely lost on our Secretary of State with his notoriously mispronounced first name.